JOSEPH GOODMAN, Appellant, *v.* SAMUEL SHAPIRA, Respondent.

*Broker's commissions — when payable.*

Where, in an action brought by a broker to recover commissions upon a sale of real estate, the owner interposes the defense that the plaintiff, instead of pro-ducing a purchaser for cash, procured one who was to pay for the property only partly in cash, and the balance of the purchase price by deferred pay-ments, and that it was agreed that the commissions should be due, not upon the completion of the sale, but after the first deferred payment was made, and the evidence is conflicting, the court should submit to the jury the question whether the agreement was to pay commissions upon the completion of the sale or when the first deferred payment was made.

APPEAL by the plaintiff, Joseph Goodman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 23d day of April, 1897, upon the verdict of a jury rendered by direction of the court.

*Abraham H. Sarasohn,* for the appellant.

*Louis Manheim,* for the respondent.

RUMSEY, J.:

The action was brought to recover commissions which the plaintiff claimed that he had earned by procuring a purchaser for certain premises owned by the defendant. The defense was, among other things, that the plaintiff was to have brought to the defendant a purchaser for cash, but that, instead, he procured a purchaser for certain money down, for $1,000 to be paid in one year, and $3,000 two years after the sale, and that it was agreed between the parties, that if the defendant would sell upon those terms, the commission to the plaintiff should not be payable until the $1,000 should be paid. Upon the trial the plaintiff gave evidence tending to establish the contract as he claimed that it was, and the defendant introduced testimony tending to establish that the contract was as it was alleged in the answer. At the close of the trial the court ordered a verdict for the defendant, for the reason that the plaintiff did not bring a responsible purchaser, and for the reason that the acceptance of the purchaser was coupled with a condition that was never complied with. Exception was taken to this ruling, and the plaintiff requested to go to the jury on the question whether the agreement to pay a commission was absolute or upon condition, but this request was denied. In the ruling of the learned court upon this subject there was error.

There was a clear conflict of evidence, whether the commissions were to be payable upon the completion of the sale, or were to be due after the payment of the $1,000, as is claimed by the defendant. This question should have been submitted to the jury, and for the refusal of the court to do so there must be a new trial, with costs to the appellant to abide the event.

VAN BRUNT, P. J., BARRETT, WILLIAMS and PATTERSON, JJ. concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.